# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ATAIN INSURANCE COMPANY** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **EAST COAST BUSINESS FIRE, INC.** | : | NO. 17-2545 |

## MEMORANDUM OPINION

**Savage, J.**                                                              **January 31, 2018**

Moving for judgment on the pleadings, Atain Insurance Company contends it is entitled, as a matter of law, to a declaration that it has no duty to defend and indemnify its insured, East Coast Business Fire, in a pending state court action.[1] Atain argues that the claims in the underlying suit against East Coast are not covered under its commercial general liability policy. It contends the claims arise from faulty workmanship and breach of contract, and not from an "occurrence." Alternatively, Atain contends that coverage is barred by either or both of the policy's professional services and prior work exclusions.

After reviewing the policy and the plaintiff's complaint in the underlying action, we conclude that because there was no occurrence, as defined in the policy, the claims made in the underlying action are not covered. Therefore, we shall grant Atain's motion and declare that it has no duty to defend and indemnify East Coast.

---

[1] This action is brought under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* Subject matter jurisdiction is based upon the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.

## The Underlying Action

Xiao Chen Chen and Huo Jin Li contracted with East Coast to install, service, and maintain a fire suppression system in their restaurant, Number 1 Kitchen.[2] The fire suppression system included automatic sprinklers above the cooking equipment, smoke detectors, and fire extinguishers.[3] East Coast was also obligated to service and maintain the suppression system twice a year.[4]

On January 4, 2016, a fire destroyed the restaurant, including the appliances, furniture, and inventory.[5] The smoke detectors failed, enabling the fire to spread to the second and third floors of the property.[6] The Philadelphia Fire Department concluded that the fire suppression system had not been properly installed or maintained.[7] On February 6, 2017, Chen and Li filed suit against East Coast in the Philadelphia Court of Common Pleas for breach of contract, negligence, unjust enrichment, and negligent misrepresentation.[8]

East Coast was insured under a commercial insurance policy issued by Atain, covering the period from October 30, 2015 to October 30, 2016.[9] Atain is defending East Coast in the state court action pursuant to a reservation of rights.

---

[2] Underlying Compl. Ex. 3 (Compl., Case ID 170200017, C.P. Ct. Phila. Cty.) (Doc. No. 1-3) ¶ 14.

[3] *Id.* ¶¶ 21–22.

[4] *Id.* ¶¶ 19–20.

[5] *Id.* ¶¶ 24, 31–33.

[6] *Id.* ¶¶ 26–30.

[7] *Id.* ¶¶ 34–35.

[8] *See generally id.*

[9] Compl. Ex. 1, Commercial General Liability Policy No. CIP255536 (CGL Policy) (Doc. No. 1-1).

We must decide whether Atain has a duty to defend and indemnify East Coast in the state court action. In other words, we must determine whether any of the claims in the complaint are potentially covered by the policy.

**Standard of Review**

The interpretation of an insurance contract is a question of law. *Am. Auto. Ins. Co. v. Murray*, 658 F.3d 311, 320 (3d Cir. 2011). Whether a claim is within a policy's coverage or is barred by an exclusion may be determined on a motion for judgment on the pleadings. *Allstate Fire & Cas. Ins. Co. v. Hymes*, 29 A.3d 1169, 1171 (Pa. Super. 2011).

In deciding a motion for judgment on the pleadings made pursuant to Rule 12(c), we consider the facts alleged in the pleadings and the documents attached as exhibits or incorporated by reference in the pleadings. *See* Fed. R. Civ. P. 10(c); *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007); *cf. Steinhardt Grp. Inc. v. Citicorp*, 126 F.3d 144, 145 & n.1 (3d Cir. 1997) (in Rule 12(b)(6) context). All the well-pleaded factual assertions in the nonmovant's pleadings are accepted as true and all contrary allegations in the movant's pleadings are assumed to be false. 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1368 (3d ed., Apr. 2016) (citing *Allah v. Al-Hafeez*, 226 F.3d 247, 249–50 (3d Cir. 2000)).

The movant must establish the absence of a disputed material issue of fact and entitlement to judgment as a matter of law. *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290–91 (3d Cir. 1988); *Shelly v. Johns-Manville Corp.*, 798 F.2d 93, 97 n.4 (3d Cir. 1986). The motion will be granted only if the nonmovant cannot prevail

under any set of facts. *Green v. Fund Asset Mgmt., L.P.*, 245 F.3d 214, 220 (3d Cir. 2001); *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991).

Applying these principles, we examine the insurance policy and the allegations in the state court complaint.

### Interpretation of Insurance Contracts

A court must give effect to the plain language of the insurance contract read in its entirety. *Am. Auto. Ins. Co.*, 658 F.3d at 320. When the language is plain and unambiguous, the court is bound by that language. *Pa. Nat'l Mut. Cas. Ins. Co. v. St. John*, 106 A.3d 1, 14 (Pa. 2014). When the policy language is ambiguous, the provision is construed in favor of the insured. *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 673–74 (3d Cir. 2016); *Pa. Nat'l*, 106 A.3d at 14. Contract language is ambiguous if it is reasonably capable of more than one meaning. *Pa. Nat'l*, 106 A.3d at 14. However, policy language may not be stretched beyond its plain meaning to create an ambiguity. *Meyer v. CUNA Mut. Ins. Soc.*, 648 F.3d 154, 164 (3d Cir. 2011); *Trizechahn Gateway LLC v. Titus*, 976 A.2d 474, 483 (Pa. 2009).

### Duty to Defend

An insurance carrier's duty to defend is distinct from its duty to indemnify. It is interpreted more broadly than the duty to indemnify. *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896 n.7 (Pa. 2006). An insurer may have a duty to defend even though it may have no duty to indemnify. *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir. 1999). A duty to indemnify does not arise until the insured is found liable for a covered claim. *Id.*

Because the duty to defend is broader than the duty to indemnify, the complaint in the underlying action must be construed liberally. The factual allegations must be accepted as true, and all doubts as to coverage resolved in favor of the insured. *Roman Mosaic & Tile Co. v. Aetna Cas. & Sur. Co.*, 704 A.2d 665, 669 (Pa. Super. 1997).

An insurer is obligated to defend the insured against any suit arising under the policy "even if the suit is groundless, false, or fraudulent." *Britamco Underwriters, Inc. v. Weiner*, 636 A.2d 649, 651 (Pa. Super. 1994) (quoting *Gedeon v. State Farm Mut. Auto. Ins. Co.*, 188 A.2d 320, 321 (Pa. 1963)). Consequently, whenever the complaint sets forth facts raising claims that could possibly come within the policy's coverage, the insurer's duty to defend is triggered. *Erie Ins. Exch. v. Muff*, 851 A.2d 919, 931 (Pa. Super. 2004); *Belser v. Rockwood Cas. Ins. Co.*, 791 A.2d 1216, 1219, 1222 (Pa. Super. 2002). If a single claim in a multiple-claim complaint is potentially covered, the duty to defend attaches until the underlying plaintiff can no longer recover on a covered claim. *Frog, Switch & Mfg. Co.*, 193 F.3d at 746; *Am. Contract Bridge League v. Nationwide Mut. Fire Ins. Co.,* 752 F.2d 71, 75 (3d Cir. 1985).

**Analysis**

The commercial general liability policy assures that Atain "will pay those sums that the insured becomes legally obligated to pay as damages" resulting from a claim or suit brought against an insured "because of 'bodily injury' or 'property damage' to which this insurance applies."[10] Coverage applies only to "bodily injury" and "property

---

[10] CGL Policy, Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability, at ECF 45.

5

damage" that it is caused by an "occurrence."[11] "Occurrence" is defined as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions."[12] "Accident" is not defined in the policy.

Atain contends it has no obligation to defend and to indemnify East Coast because the underlying action is for breach of contract, which is not an "occurrence" as defined in the policy. East Coast counters that there is a claim for negligence, which is covered. If East Coast is correct, Atain must defend East Coast.

Breach of contract claims are not covered under commercial general liability insurance policies. *Nationwide Mut. Ins. Co. v. CPB Int'l, Inc.*, 562 F.3d 591, 597–98 (3d Cir. 2009) (citing *Pa. Mfrs.' Ass'n Ins. Co. v. L.B. Smith Inc.*, 831 A.2d 1178, 1181 (Pa. Super. 2003)). General liability policies are intended to protect insureds from accidental injuries, not damages arising out of contractual disputes. *Id.* (citing *L.B. Smith*, 831 A.2d at 1181). An "accident" is an "unexpected and undesirable event" that "implies a degree of fortuity that is not present in a claim for faulty workmanship." *Kvaerner Metals*, 908 A.2d at 897–98 (citing Webster's II New College Dictionary 6 (2001)). Claims for faulty workmanship are not covered because they do not qualify as an occurrence. Thus, a commercial general liability policy does not cover "claims in [an] underlying action [that] arise out of [or] relate to the contract between the parties." *Redevelopment Auth. of Cambria Cty. v. Int'l Ins. Co.*, 685 A.2d 581, 592 (Pa. Super. 1996) (en banc).

---

[11] *Id.*

[12] *Id.* ¶ 13 at ECF 59.

6

Count I of the underlying complaint asserts a cause of action against East Coast for breach of contract. Because those allegations arise out of East Coast's contractual obligations, they are not a covered "occurrence." *See Specialty Surfaces Int'l, Inc. v. Cont'l Cas. Co.*, 609 F.3d 223, 238 (3d Cir. 2010) (claims for breaches of contract cannot constitute an "occurrence"); *CPB Int'l*, 562 F.3d at 597–98; *Redevelopment Auth.*, 685 A.2d at 589.

The remaining claims against East Coast for negligence, unjust enrichment, and negligent misrepresentation are not covered because they, too, do not arise from an occurrence. Although East Coast couches the claims as arising from negligence, the claims are essentially breach of contract claims.

In Count II of the underlying complaint, designated as a claim for negligence, the plaintiffs allege that East Coast failed to properly install, inspect, service, and maintain the fire suppression system and smoke detectors[13]—work they had "entered into a contract" to perform.[14] They also contend that East Coast relied on "unskilled employees, agents and/or contractors to perform its contracts."[15] These allegations for faulty workmanship are grounded in contract.

Count III is for unjust enrichment. Unjust enrichment is an equitable claim that may not be brought when there is an express contract between the parties. *See Temple Univ. Hosp., Inc. v. Healthcare Mgmt. Alternatives, Inc.*, 832 A.2d 501, 507 (Pa. Super. 2003). Here, there was a written contract between the parties in the underlying action. East Coast contracted to install, service, and maintain the fire suppression

---

[13] Compl. Ex. 3 ¶¶ 62(a)–(l).

[14] *Id.* ¶ 56.

[15] *Id.* ¶ 62(j).

7

system. A contention that it failed to perform is an allegation that it breached the contract, not that it was unjustly enriched. In the underlying complaint, the plaintiffs contend that East Coast unjustly profited from service and maintenance fees pursuant to the contract because it "failed to uphold its end of the bargain" by failing to properly install, inspect, service, and maintain the system and equipment.[16] These allegations clearly speak to contractual obligations.

Finally, in Count IV, styled as negligent misrepresentation, the underlying plaintiffs aver that East Coast negligently represented that in exchange for accepting annual fees to service, inspect, and maintain the fire suppression system, the equipment would operate in the event of a fire.[17] Despite being cast as a negligent misrepresentation claim, this count is a claim for breach of warranties, not for negligence. It asserts that East Coast did not honor its guarantee.

In essence, the claims in Counts II, III, and IV are for faulty workmanship and breach of contract. They are based on East Coast's failure to perform work it had contracted to do. Claims of faulty workmanship do not arise from an accident. Thus, they do not qualify as an "occurrence" under a general liability policy. *Kvaerner Metals*, 908 A.2d at 888; *Millers Cap. Ins. Co. v. Gambone Bros. Dev. Co., Inc.*, 941 A.2d 706, 713 (Pa. Super. 2007); *see also Specialty Surfaces Int'l*, 609 F.3d at 238–39.

## Conclusion

Because the claims against East Coast arise from faulty workmanship and not from an "occurrence," they are not covered under the commercial general liability policy.

---

[16] *Id.* ¶¶ 69, 71–72.

[17] *Id.* ¶¶ 74–76.

Consequently, Atain has no duty to defend and indemnify East Coast in the underlying suit. Thus, we shall grant Atain's motion for judgment on the pleadings and declare that it need not defend and indemnify East Coast.